**COLORADO COUNTY et al.**

v.

**J. M. ENGLISH TRUCK LINE, Inc., et al.**

**No. 12657.**

Court of Civil Appeals of Texas.

Galveston.

March 4, 1954.

Rehearing Denied March 25, 1954.

O. P. Moore, Sr., County Atty. of Colorado County, Columbus, Vinson, Elkins, Weems & Searls, Houston, Massey, Hodges, Moore & Gates, Hollis Massey, Columbus, for appellants.

Dyess, Dyess & Jennings, A. D. Dyess, Houston, for appellees.

CODY, Justice.

This was a suit by Colorado County, and the County Judge thereof to recover damages alleged to have been done to a bridge which was located on a farm-to-market road in Colorado County by a truck and trailer, owned by J. M. English Truck Line, and driven by one of its drivers. The suit was brought under R.C.S. Art. 6716.

Appellants (i. e., Colorado County and the County Judge thereof) alleged that the commissioner for the precinct in which the bridge was located had theretofore posted a sign at the road entrance (i. e., the entrance to the road on which said bridge was located), fixing the maximum load limit for said road at 7,000 pounds; that the driver of the offending truck and trailer travelled such restricted road with a truck and trailer weighing in excess of 13,000 pounds, loaded with a bull-dozer weighing in excess of 30,000 pounds, and drove upon said bridge and caused same to collapse and become totally destroyed, to the county's damage in the sum of $4,000. The Truck Line's answer consisted of a general denial.

The case was submitted to the jury upon five special issues. Both parties filed motions for the court to disregard answers of the jury to certain of said issues. We, therefore, give the substance of such issues as answered by the jury:

(1) That the County Commissioner in whose precinct the bridge was located did not cause to be posted a warning which was

reasonably calculated to put the public in general on notice that a 7,000 pound limit had been placed upon the Nelson Bridge across Church Creek.

(2) That in driving the truck across the Nelson Bridge, the driver was acting in the scope of his employment by the Truck Line (i. e., appellee).

(3) That the bridge immediately before the incident made the basis of this suit had a cash market value.

(4) That the actual value of the bridge immediately before the event made the basis of this suit was $2,700.

(5) That the bridge in question was totally destroyed as a direct and natural consequence of the act of the driver in driving the truck and loaded trailer thereon.

The court denied the aforesaid motions of each of the parties to disregard the jury's answers to certain of the special issues, but upon his own motion rendered judgment for appellee that appellants take nothing by their suit. Appellants have predicated their appeal upon two points, reading:

"First Point

"The Trial Court was in error in submitting to the jury an issue inquiring as to whether the notice which was posted at the road entance, fixing the maximum load at 7,000 pounds, was calculated to put the public on notice that the same restriction had been placed on the bridges on such road, because:

"(a) The proof was uncontradicted that the Commissioner for the Precinct in which the bridge was located had posted a sign at the road entrance fixing the maximum load at 7,000 pounds;

"(b) The operator of the vehicle which drove onto the bridge and caused its collapse did not appeal to the County Judge of Colorado County as provided by Subdivision 2 of Article 6716 of the Revised Civil Statutes of Texas; and

"(c) The proof was uncontradicted that the same bridge had previously been dam-

aged by a vehicle of J. M. English Truck Line and that J. M. English, president and owner of the Truck Line Corporation, had been warned not to use such bridge in violation of such restriction.

"Second Point

"The Trial Court was in error in submitting to the jury an issue inquiring about the market value of the bridge because:

"(a) The proof was uncontradicted that the bridge had no market value, and

"(b) The bridge having been built for a particular site for a particular purpose, it had no market value as a matter of law."

■■ We overrule appellants' first point because it presents no reversible error. This is not a case where a bridge under the control and jurisdiction of the State Highway Department has been injured. For such a case see State v. Dickey, Tex.Civ. App., 158 S.W.2d 844. The only case which has reached the appellate courts involving injury to a bridge on a farm-to-market or ranch-to-market road (that is, a road under the control of the county) is, we believe, Shell Oil Co. v. Jackson County, Tex.Civ. App., 193 S.W.2d 268. That action also was brought under Article 6716. Article 6716 is too long to quote, but by its terms the Legislature has given a County Commissioner authority to temporarily restrict and forbid the use of roads in his precinct when from wet weather or recent construction or repairs they cannot safely be used without probable serious damages thereto. Anyone feeling aggrieved at such temporary restriction of the use of a road can appeal to the County Judge to determine whether the conditions exist which justify such restriction. The statute places bridges and culverts in a different category. The County Commissioner can determine when these are unsafe to use, and this of course includes the power to determine when they are unsafe to use above certain specified load limits. Anyone aggrieved at such load limits can appeal to the County Judge for relief.

■ There are certain advantages in bringing a suit for damages under Article 6716 rather than a common-law action for damages. Among such advantages is the fact that, when the County Judge in an action brought by him to recover damages, proves that a driver of a vehicle or his employer has disobeyed the notice which is authorized to be posted under said statute, the damages resulting from such disobedience can be recovered without proving negligence as at common law. However in order to be able to avail itself of the right to bring the cause under said statute the county, or the County Judge on its behalf, must prove up facts showing that the provisions of the statute have been complied with. Here there is no claim made by appellants that the restricted use contemplated by the notice limiting the load limit to 7,000 lbs. was a temporary one. The evidence showed that the notice had been posted some eighteen months before the damage to the Nelson Bridge had occurred. The only information given by the notice was "Load Limit 7,000 pounds." The load limitation thus specified was, as a matter of law, intended to be permanent. The statute as indicated above did not authorize a county commissioner to permanently restrict the use of a road, as distinguished from bridges and culverts. So, as a matter of law, the notice was not effective to restrict the use of the road permanently, as opposed to the restricted use of bridges. A notice by its very nature must be sufficient to give notice as to the matter it relates to. Here, at best, appellants were only entitled to have a fact issue submitted as to whether the posted notice was adequate or calculated to impart to the public generally that the Nelson Bridge was limited to 7,000 pound loads. This because it is certainly open to question whether the posted notice was calculated to give the information that the Nelson Bridge had been restricted to maximum 7,000 pound loads. The submission of the issue was favorable to appellants due to the equivocal meaning of the notice. Had the notice in the very same words been repeated at the bridge, such notice would have been adequate, of course, to show that the use of the bridge was so restricted.

■ The County Commissioner was such an agent or representative of the county that his uncontradicted statement, to the effect that J. M. English, president and owner of the truck line corporation, who had been accidentally killed before the trial, had been warned not to use the bridge after it had been broken down by one of his vehicles on a former occasion, and had in response to such warning agreed not to use the bridge with any like vehicle, could not alone establish such fact, as the fact as to the said warning and agreement not to use the bridge by a like vehicle could only be established by a jury finding based upon the commissioner's testimony. Such testimony was effective at most to carry such an issue to the jury. See Flack v. First Nat. Bank of Dalhart, 148 Tex. 495, 226 S.W.2d 628, 633.

■ We overrule appellants' second point also as not presenting reversible error. The appellants failed to establish any right in themselves to recover under Article 6716, as ruled above. It was therefore immaterial whether the bridge had a market value or had only an actual value. We held in the Shell case, supra, that only the actual value of the bridge could be proved, but we also held that the salvage value had to be determined so that the same could be deducted from the actual value, and so establish the amount of the recoverable damages to a bridge.

There being no reversible error, the judgment of the trial court should be affirmed, and it is so ordered.

Affirmed.

HAMBLEN, C. J., not sitting.