

# The Attorney General of Texas

April 26, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

-20 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Wilburn C. Rust
Travis County Auditor
Travis County Courthouse
Austin, Texas    78701

Opinion No. JM-27

Re:  Salaries of Travis County
officers for 1983

Dear Mr. Rust:

You advise that Travis County recently adopted a new fiscal year which begins October 1, 1982, and ends September 30, 1983. <u>See</u> V.T.C.S., art. 1644e. Previously, the county's fiscal year extended from January 1 to December 31 of each year, and the 1982 budget was adopted on that basis. You ask how the 1983 salaries of county officers will be affected by the change.

Section 2 of article 3912k, V.T.C.S., provides that the commissioners court shall set the salaries, expenses, and other allowances of elected county and precinct officers during the regular budget hearing and adoption proceedings. Section 6 of that statute requires that the commissioners court exercise such authority only after 10 days notice "of the intended salaries, expenses, and allowances to be raised and the amount of the proposed raises."

A notice was published by Travis County stating that adjustments to salaries and allowances for elected officials were to be considered on October 29, 1982, which would "include a cost of living adjustment of eleven (11) percent" and that the adjustments would not exceed certain "proposed 1983 amounts." The notice said nothing of "annualizing" the cost of living adjustments. It did, however, list a "1982 salary" and a "proposed increase," as well as a "proposed 1983" salary for each position, and it specified that the "effective date for any and all of the above considerations which might be approved is January 1, 1983." After adoption of an order giving elected officials a "cost of living increase on an annualized basis of 11% effective January 1, 1983," you were informally requested by the commissioners court to pay the 1982 salaries until January 1, 1983, but thereafter to pay the full 11% increase for twelve months during the next <u>nine</u> months to each officer named in the notice. This would result in an additional 3 2/3% for each of the nine months from January 1 through September 30.

The payment schedule informally requested would not comport with the notice given the public. The notice made no mention of the fact that the 1982 fiscal year was to be cut short or that the new 1983

salaries with a January 1 "effective date" were not intended to compensate the named officers for a full year from that date. A misleading notice is no notice. See Colorado County v. J.M. English Truck Line, 265 S.W.2d 865, 868 (Tex. Civ. App. - Galveston 1954, writ ref'd n.r.e.). Therefore, in the absence of proper notice of such salary increases, any attempted increase is invalid. See Attorney General Opinion MW-516 (1982).

In our opinion, the notice given would authorize the payment of the "proposed 1983" salaries on a pro-rata basis for the nine months remaining in the new October-to-September 1983 fiscal year after January 1, 1983, but would not authorize the payment of the 11% increase attributable to the last three months of 1982. The commissioners court order, as opposed to the informal request made of you, appears to adopt a pro-rata approach. It states in pertinent part:

> It is here ordered by the Commissioners Court of Travis County that all Elected Officials be given a cost-of-living increase on an annualized basis of 11% effective January 1, 1983. (Emphasis added).

The order does not tie the increase to the new fiscal year, but rather makes the increase effective at the beginning of a calender year. Under such circumstances the phrase "on an annualized basis," as used in the order, can and should be construed as referring to the period from January 1, 1983 to December 31, 1983, and to indicate a pro-rata adjustment for the applicable portion of the fiscal year in compliance with budgetary laws and notice provisions. See V.T.C.S. art. 1666a, 3912k. See generally 53 Tex. Jur. 2d Statutes §157, at 223.

### S U M M A R Y

> The 1983 salary increases for Travis County elected officials are not invalid, but in view of the fiscal year change by the county, such officers are entitled during the new fiscal year to only a pro-rata part of the 1983 annual salaries established.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Rick Gilpin
Jim Moellinger
Nancy Sutton
Bruce Youngblood